**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FERNANDO ARTURO CANADA MILANES,

*Petitioner*,

v. No. 1:26-cv-02436-SMD-JFR

WARDEN OF THE TORRANCE COUNTY
DETENTION FACILITY, *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Cuba, was paroled into the United States on December 15, 2026. An immigration judge ordered him removed to Cuba on September 20, 2019. On October 10, 2019, he was released on an order of supervision. He was detained by immigration officials on March 23, 2026, after encountering Petitioner at the Turner Guilford Knight Correctional Center in Miami, Florida, where Petitioner was in custody for an alleged violation of a municipal ordinance regarding camping on Miami Beach. On April 7, 2026, Petitioner was informed of his impending removal to Mexico; however, no such removal took place. Petitioner has been continuously detained since March 23, 2026. *See* Docs. 1, 6.

In their supplemental response brief, Respondents attach the declaration of Deportation Officer Aida Villalobos. Officer Villalobos declares that Respondents engaged in "several attempts" to remove Petitioner. Officer Villalobos states that, on April 22, 2026, the Cuban

government denied repatriation to Cuba and, on July 15, 2026, U.S. Immigration and Customs Enforcement ("ICE") submitted a third country removal request to ICE Enforcement and Removal Operations ("ERO") Headquarters for Removal and International Operations. Officer Villalobos sets forth that these steps have "proven unsuccessful because ERO is relying on the U.S. Department of States's diplomatic efforts to gain third country removal acceptance," and the "anticipated timeline to remove Petitioner is currently unknown." Doc. 8 at 4 ¶¶ 9-11.

Petitioner challenges his detention as unconstitutionally prolonged in violation of the Due Process Clause of the Fifth Amendment and asserts that his deportation is not significantly likely in the reasonably foreseeable future. Doc. 1 at 6; *see* Doc. 9.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

### I. Statutory Framework: 8 U.S.C. § 1231

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite

detention, however, is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244-DGE, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683-NW, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019-JJM-AEM, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

II. <u>Petitioner's Continued Detention Violates 8 U.S.C. § 1231 Because His Removal Is Not Reasonably Foreseeable</u>

Once the presumptively constitutional six-month period under *Zadvydas* elapses, Petitioner bears the burden to show his detention has become prolonged and potentially unlawful because

there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 680. The Court finds that Petitioner has met his initial burden of proof and Respondents have failed to rebut this showing.

Petitioner's detention period exceeds the presumptively constitutional six-month limit. Petitioner's order of removal became final on September 20, 2019, and Petitioner was detained on March 23, 2026. Thus, as of the present date, he has been detained for over six months even without considering any prior non-consecutive period of post-removal-order detention. *See* Doc. 1; Doc. 6 at 1.

In *Abiodun v. Musakey*, the court distinguished *Zadvydas*, noting that the *Zadvydas* petitioners faced indefinite detention because "their countries of origin would not accept them." 264 F. App'x 726, 729 (10th Cir. 2008). By contrast, the petitioner's country of origin in *Abiodun* had issued travel documents, and ICE had successfully placed the petitioner on chartered flights, leading the court to find a likelihood of removal in the foreseeable future. The present case is more analogous to *Zadvydas* and distinguishable from *Abiodun*.

Petitioner sets forth that Respondents have detained him since March 2026 relating back to a September 2019 final order of removal and that Cuba and United States do not have an agreement regarding removal, and has therefore shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See* Doc. 1 at 6. Respondents concede that they have no anticipated timeline regarding Petitioner's removal. *See* Doc. 8. Nor have Respondents set forth any facts establishing that Petitioner is responsible for any delay. Thus, Respondents have failed to rebut Petitioner's showing. *See Dao v. Rios*, No. 2:26-cv-00370-JB-DLM, 2026 WL 1103119, at *6-7 (D.N.M. Apr. 23, 2026) (collecting cases and noting that the "six-month presumption in *Zadvydas* is a practical guide, not a stopwatch.

Detention beyond six months is permissible only while removal remains reasonably foreseeable, and courts routinely consider the total time a noncitizen has been detained under § 1231(a)(6) when applying that standard").

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner no later than October 19, 2026, without any new conditions of release;
3) Respondents **SHALL** provide Petitioner with all his personal belongings and facilitate Petitioner's transportation from the detention facility and provide all necessary identity and travel documents to return to his primary address;
4) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner absent a change in circumstances showing that his removal is reasonably foreseeable, for instance, through the procurement of travel documents and concrete travel plans;
5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;
6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or

copies of all discharge and travel documents provided to Petitioner at the time of release;

7) Petitioner's Motion to Appoint Counsel (Doc. 7) is DENIED as moot;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**